**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIC S. BURTON,** | : | **CIVIL ACTION NO. 1:26-CV-1275** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **LYCOMING COUNTY PRISON, *et al.*** | : | |
| | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants have violated his civil rights in a number of ways by refusing to allow him to have approximately 500 pages of discovery material related to an ongoing criminal case in his prison cell. Defendants filed a motion to dismiss. The motion will be granted.

## I. Factual Background & Procedural History

Plaintiff, Eric S. Burton, filed this case on April 7, 2026, in the Lycoming County Court of Common Pleas. (Doc. 1-2). Defendants removed the case to this district on May 12, 2026. (Doc. 1).

Burton has been incarcerated in Lycoming County Prison at all relevant times. According to Burton's complaint, he received a letter in March 2026 from his attorney in his criminal case, Kyle Rude, informing Burton that he was unable to deliver approximately 500 pages of discovery to Burton at the prison. (Id. ¶ 4). Defendant Shoemaker, the prison's warden, purportedly refused to allow the documents into the prison for "security" reasons. (Id.)

Burton alleges that defendant Shoemaker's refusal to allow the discovery materials into the prison violated: (1) his First Amendment right of access to the courts; (2) his Fourteenth Amendment right to discovery materials in his criminal case; (3) his Sixth Amendment right to participate in his own criminal defense; (4) his right to a fair trial under the Pennsylvania Constitution; (5) his right to due process under the Fifth and Fourteenth Amendments and the Pennsylvania Constitution; and (6) his rights under 37 Pa. Code 95.234(2) by opening and reviewing things sent by his attorney. (Id. ¶ 5–10). Burton seeks injunctive relief requiring delivery of the discovery as well as damages. (Id.)

Defendants note in their brief supporting their motion to dismiss that Burton is facing charges for child abuse, child pornography, unlawful contact with a minor, and corruption of minors among other crimes and that the discovery materials that were not allowed in the prison relate to those crimes and were therefore not allowed into the prison for a legitimate penological reason. (Doc. 4 at 6). Defendants argue that the claims against Lycoming County Prison fail because it is not a proper defendant to a Section 1983 claim and that all of Burton's claims fail on their merits. (Id. at 9–22). Burton filed a document noting his opposition to the motion on June 5, 2026, but did not file a formal brief opposing the motion. (Doc. 5). The court subsequently granted his motion for extension of time, allowing him to file a brief on or before July 31, 2026. (Doc. 8). Burton did not do so. The motion is accordingly ripe for review.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130–31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of

a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131–32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## III. Discussion

Plaintiff brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284–85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Because defendants argue that all of Burton's claims fail to state a claim upon which relief may be granted, the court will analyze the claims *seriatim*. Beginning with the access to courts claim, access to courts claims require allegations that (1) prison officials impeded the plaintiff's access to courts and (2) the plaintiff suffered actual injury in his ability to access the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Rivera v. Monko, 37 F.4th 909, 915 (2022).

Here, Burton's access to courts claim plainly fails because he has counsel in his criminal case. "The provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts." Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988) (citing Bounds v. Smith, 430 U.S. 817, 831 (1977)).

Burton's claims based on his rights to access discovery materials and participate in his defense also plainly fail. There is no allegation that the inability to bring discovery materials into the prison hinders his attorney's ability to litigate his case, and to the extent the discovery is necessary to litigate the case, his attorney's access to that discovery is clearly sufficient. As for the claim that Burton is somehow being denied a fair trial, this claim is premature: the trial has not yet occurred, and any claim regarding the lack of access to the discovery materials may be litigated in the criminal case. Thus, these claims will be dismissed.

Burton's due process claim will likewise be dismissed. Defendants argue that dismissal is appropriate under Third Circuit precedent regarding the deprivation of

personal property. Although the court agrees with defendants that these cases support dismissal, the allegations in the complaint show that plaintiff has not been deprived of the relevant documents in any meaningful sense: they are being provided to him as discovery in a criminal matter, and his attorney has access to the documents. And even if the complaint could be liberally construed to allege that Burton has been "deprived" of the documents, due process claims based on deprivation of a prisoner's personal property fail as a matter of law if the government provides adequate post-deprivation procedures to remedy the loss of the property. Hudson v. Palmer, 468 U.S. 517, 533–34 (1984). There are no allegations in Burton's complaint as to what post-deprivation processes the prison has available for the deprivation of personal property or how such a process is inadequate to protect his due process rights. Accordingly, this claim fails.

Finally, defendants argue that Burton's claim for violation of 37 Pa. Code 95.234(2) should be dismissed because there is no private right of action for violation of that regulation.

Section 95.234 states:

> The following are the minimum requirements applicable to inmate mail privileges. Inmates shall be permitted to send and receive mail consistent with the following:
>
> (1) Incoming and outgoing mail may be examined for contraband.
>
> (2) Incoming and outgoing mail to and from public officials, courts and attorneys will not be opened for purposes of examining for contraband unless the interested inmate is present.
>
> (3) Incoming and outgoing mail to a person or entity may be read by the prison warden if reasonable grounds exist to believe that receipt of

the mail is likely to jeopardize prison security or public safety and welfare, or both.

(4) The sending and receipt of mail shall be restricted or prohibited for valid penological reasons such as introduction of contraband, threats to security or the public, or when requested by intended recipients.

37 Pa. Code § 95.234. Because the regulation does not explicitly create a cause of action, the court must analyze whether there is an implied cause of action. Under Pennsylvania law, courts should consider three factors to determine whether an implied cause of action exists: "First, is the plaintiff one of the class for whose especial benefit the statute was enacted—that is, does the statute create a right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?" Estate of Witthoeft v. Kiskaddon, 733 A.2d 623, 626 (Pa. 1999) (citation modified) (quoting Cort v. Ash, 422 U.S. 66, 78 (1975)).

Here, none of these factors suggest that Section 95.234 creates an implied private right of action. First, the regulation does not create a right for unfettered access to mail by county prisoners; it simply recognizes the "minimum requirements" a county jail should have in place to protect such a right. See 37 Pa. Code § 95.234. Second, there is no indication that the regulation was intended to create a private right of action: a separate regulation in the same chapter indicates that it is the responsibility of the Pennsylvania Department of Corrections to inspect county prisons and ensure their compliance with the "minimum requirements" of the chapter. 37 Pa. Code § 95.220b. This suggests that the chapter

is enforced by the Department of Corrections rather than through private litigation. For the same reason, a private right of action is not "consistent with the underlying purposes" of the regulation, Witthoeft, 733 A.2d at 626, which appears to be to create standards by which the state government may hold county prisons accountable rather than a means for private individuals to sue county prisons. Thus, the court finds that there is neither an express nor implied private cause of action under 37 Pa. Code § 95.234 and will dismiss this claim on that basis.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Here, the court will deny leave to amend as futile. All of Burton's claims fail as a matter of law, and it does not appear that any factual allegations added in an amended complaint could alter that conclusion.

## IV. Conclusion

The motion to dismiss is granted, and this case is dismissed with prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: October 20, 2026